Caruthers, J.,
delivered the opinion of the Court.
This is a bill for freedom. The facts, as we consider them established in the case., are as follows :
In 1829, Frederick Dewitt, the owner of Isaac, made his will, and died. He left his two slaves, Isaac being one, to his wife for life, with remainder tc his children equally, and then makes this singular provision: “ My will is, that no Court nor power of law, either of county or State, shall have anything to do with my estate, but that at any time my wife shall have full power to rent out or sell my tract of land, hire or sell my two negro boys, or remove any part or all that is movable, to any other county or State as may seem good unto her.”
The widow, after some year's, broke up house-keeping, and lived with her son-in-law, Wm. Gilbert. Having enjoyed the services of the two slaves, and in the meantime sold the other, she proposed to Isaac that if he would procure any one to advance three hundred dollars in gold or silver to her, she ■would give him his freedom, and gave him, or caused the same to be done by her said son-in-law, Mr. Gilbert, who acted as her agent, a written authority to make the best arrangement he could for the money. He succeeded in making a contract with Michael George, of Greene county, to advance the *277 amount required, for eight years’ services. Whereupon she executed an absolute bill of sale to George, with an understanding or verbal agreement on his part, that he would, at the end of the term, emancipate Isaac. This was in August, 1846. Isaac went into the service of George, under this contract, and served him faithfully, with the settled and avowed purpose on the part of George, all the time, to give him his freedom at the end of the term. About fifteen months before the termination of the eight years, under some influence or other, the old lady, then being near eighty, at the instance of one Henry A. Farnsworth, one of the defendants, sold Isaac to McOampbell,.another defendant, and made him an absolute bill of sale, to take effect in possession at the termination of the eight years. Upon application to George to acknowledge this title, he refused, and insisted upon his title by said bill of sale, coupled with the trust for the benefit of the slave. A bill was then filed in the name of the old lady, to reform the bill of sale of George, so as to make it a contra,ct for eight years’ service only, which suit was compromised by the surrender, by George, both of his title and the slave, upon the payment to him,-by McOampbell, of one hundred dollars for the balance of the term — he not choosing to enter into litigation about the matter, as to which he had no pecuniary interest. This bill was then filed by Isaac to enforce his contract for emancipation. There is a great amount of swearing and false swearing, crediting and discrediting of parties and witnesses in the case; but we conclude, upon a full consideration of the evidence, that the facts are substantially as above stated. Perhaps in no case was the proof ever more irreconcilably conflicting. But it would be as useless as disagreeable to comment upon the picture of depravity and the perversion of. truth among near relations and speculators which the record in this case exhibits. It is revolting to see to what an extent some men will go against the rights, of the weak, in the eager pursuit of gain. , We prefer not to develop the deformity of this case by an analysis of the proof, but simply to state our conclusions as to the facts, which we regard as estab *278 lished by the weight of the evidence in the record, and upon which onr judgment as to the law must be based.
Such being the facts of the case then, what is the law upon it ? The Chancellor considered Isaac was entitled to his freedom, and so decreed.
1. It is objected that Mrs. Dewitt had only a life estate in the slave under the will of her husband, and could not dispose of him so as to affect the remainder in her children.
True* a life estate only is expressly given to her with remainder over; but she is vested with a general, unqualified power to “'sell.” This, by all the authorities, makes her estate absolute. She was executrix as well as legatee, and it is attempted to draw a distinction between this and common eases falling under the principle stated, upon the ground that she was trustee for the remaindermen, and if she could sell, she could not give, by emancipation or otherwise, but could only sell, and then would be compelled to hold the proceeds as she held the slave, subject to the remaindermen's rights. We are not sure that we have correctly understood or stated the argument upon this point. But in no form can we assent to its soundness. The power to sell is without qualification; and if the rale of law be correct, and it cannot he questioned, that the power to sell makes the title absolute in the tenant for life, whether it is exercised or not, then there is no limitation of the right to dispose of the property, and it may be as well by gift as by sale, But whether she chooses to take the price partly in money and partly in benefits to the slave can make no difference. She could sell for half the value as well as for the whole, and surely could pass the title subject to a trust in favor of the slave as well as any other person. The defendants have recognized her power to sell by purchasing from her themselves; and to succeed upon this ground would he of no benefit to them, because it would annul their title as well as the other. But, as we have seen, she had a perfect right to sell and convey a good title. The hill of sale then to George carried a good and perfeet title, if it is not subject 'to impeachment upon other grounds. It is insisted that it *279 was only a contract for eight years’ service, and then the title was to revert. To prove this, an endorsement on the back of the paper, by which she binds herself for the eight years’ work for the three hundred dollars, is referred to and relied upon. We think it sufficiently appears that the object of this was not to change the contents of the paper, which was well understood by her to convey the whole interest to enable George to carry out her wishes in conferring freedom, but to bind herself that he should live and serve the eight years. Isaac had served her faithfully for nearly a score of years, and she wished to extend the boon of freedom to him, but not without a further consideration of three hundred dollars. The effect of this arrangement was, that instead of consummating his liberation herself, she gave her consent to it for a satisfactory consideration, and passed the title out of herself to another with this parol trust attached. It is true that no consideration passed from the slave, as she was entitled to his time and labor not only for the eight ensuing years, but as long as he might live; and perhaps such a promise or contract could not have been enforced by the slave against her. But then she executed the purpose so far as it could be done by her, it being prospective, by parting with the title, and, in effect, conferring the right to freedom, incumbered with the eight years’ service. She had no other act to perform in the case, and could not revoke what she had done. Neither could George, by any compromise to which the complainant was not a party, surrender the trust he had taken upon himself to the prejudice of Isaac’s rights. He was allowed by his mistress to become a party to this contract and arrangement for his benefit, and is entitled to the advantages of .it, subject alone to the legal condition, that the judicial authorities acting for the State shall sanction it. This the proper tribunal has done, subject to the revision of this Court. Isaac has established an excellent character for a slave, and proved that he is worthy of freedom, so far as that is concerned. We see no reason for withholding our assent upon this ground. Indeed, the provision of our recent statutes,'that emancipation can *280 only be allowed upon condition that the subject shall he sent out of the State to Liberia, in Africa, abrogates this provision of the law as it formerly existed in these cases, as it does away the reason for it.
Upon the whole, we are of the opinion that complainant has made out his right to freedom, and affirm the decree of the Chancellor to that effect. The case will be remanded for the execution of the decree according to the provisions of the statutes on that subject. But in taking the account for hire, and adjusting the rights of the parties, the defendant, McCampbell, will he allowed a credit for the unexpired term of about fifteen months, for which he satisfied George on obtaining the possession. This modification will be made in the decree, and in all other respects it is affirmed.